IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHAEL DAVID AMBROSE,**

    Plaintiff,

v.	                                                    **CIVIL ACTION NO. 5:20-cv-116**
                                                                    Judge Bailey

**BARBOUR COUNTY POLICE PHIL FERGUSON,**
**Sherrif; THOMAS HOXIE, Barbour County Prosecutor;**
**SUZANNA, Works for EMS in Barbour County;**
**DEPUTY GONZALES; Deputy in Police Department;**
**TODD LAWRENCE, Call Taker;**

    Defendants.

**REPORT AND RECOMMENDATION**
**42 U.S.C. § 1983**

On October 12, 2012, *po se* Plaintiff, Michael Ambrose, initiated this case by filing a *pro se* civil rights action against the defendants named above. (Doc. 1). This matter was referred to the undersigned pursuant to 28 U.S.C. §1915Afor judicial review. For the reasons set forth below, the undersigned recommends that this matter be dismissed.

**I. Background[1]**

On October 28, 2019, the plaintiff was charged in a two-count indictment returned in the Circuit Court of Barbour County, West Virginia. Count 1 charges the plaintiff with malicious assault on May 21, 2019, in violation of West Virginia Code § 61-2-9(a). Count 2 charges the plaintiff with domestic battery on May 21, 2019, in violation of West Virginia

---

[1]This information is taken from the records maintained by the Circuit Clerk of Barbour County, West Virginia in Criminal Case Number 19-F-89.

Code § 61-2-28(a).

On June 17, 2019, the Circuit Court granted defense counsel's Motion for a Mental Examination. On August 3, 2019, a forensic psychiatric evaluation was tendered which concluded that the plaintiff is competent to stand trial. A review of the plaintiff's criminal docket sheet reveals that the plaintiff has had at least three attorney appointed to represent him, and on September 4, 2020, his motion to represent himself was granted, and an advisory counsel was appointed. On September 3, 2020, the plaintiff, who is detained at the Tygart Valley Regional Jail, requested that he be released on a personal recognizance bond. The Probation Office for the Nineteenth Judicial Circuit prepared a Home Investigation Report on October 7, 2020, which expressed concerns with the plaintiff's proposed home plan. It does not appear that a final ruling has been made on the plaintiff's request for a personal recognizance bond.

## II. The Complaint

The plaintiff alleges that Sheriff Ferguson conspired with the victim to obtain his arrest and used his powers as the sheriff to gain a conviction. He also alleges that the Barbour County Prosecutor, Thomas Hoxie, "emitted" cases from three separate incidents and withheld evidence until three days before he was suppose to go to trial to cause delay. He further alleges that "someone" from the EMS falsified documents. In addition, he alleges that Deputy Gonzalez obtained an illegal warrant for his arrest based on double hearsay and altered evidence. Finally, he alleges that Todd Lawrence, the 911 call taker, altered his answers on the paper he sent to the prosecutor to make him look guilty. For relief, the plaintiff wants this Court "to make Judge Nines turn over matters occurring before the grand jury, file habeas corpus, and make 911 turn over all calls, and all Brady information the

information the prosecution has that proves me innocent. Look into all claims. Get me out of Barbour County for trial ASAP." [Doc. 1 at 9].

### III. Analysis

The plaintiff's claims are barred by the doctrine of federal abstention in state court matters, set forth in Younger v. Harris, 401 U.S. 27 (1971). In Younger, the Supreme Court stated "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. Younger v. Harris. 401 U.S. at 43-44. Younger is grounded in notions of comity–the idea that a state court should not, in certain circumstances, be interfered with. Younger, 401 U.S. at 44. Under the Younger abstention doctrine, a federal court is required to abstain from interfering in ongoing state court proceedings, even if the federal court has jurisdiction, where the following test if met: (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) :there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. V. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); see also Virginia Inst. Of Autism v. Virginia Dep't of Educ., 537 F. Supp.2d 817, 820 (E.D. Va. 2008). Once the three conditions are met, Younger abstention is nondiscretionary[.]" Amanatullah v. Colorado Board of Medical Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999).

Here, all three conditions have been met. First, it is undisputed that the state court criminal proceedings against the plaintiff in Barbour County are ongoing, and were instituted well before this action in federal court. Second, while the plaintiff's complaint does

not address the issue of abstention, it is apparent that the Barbour County Circuit Court can adequately handle any constitutional claims the plaintiff might raise there.[2] Third, the criminal proceedings underway against the plaintiff in the Barbour County Circuit Court implicate an important state interest in the orderly prosecution of state citizens, like the plaintiff, who are charged with the felony crimes of malicious assault and domestic battery. Younger abstention represents an accommodation between a state's pursuit of important interests in its own forum and the federal interest in federal adjudication of federal rights." Laurel Sand & Gravel, Inc. V. Wilson, 519 F.3d 156, 165 (4th Cir. 2008). Given that all three criteria exist here, abstention bars the granting of the plaintiff's requests for what amounts to injunctive relief regarding evidence being used in his prosecution and a request that his trial be moved to another county.

## IV. Recommendation

In consideration of the foregoing, it is the recommendation of the undersigned that the plaintiff's Complaint be **DISMISSED with Prejudice** as barred by the doctrine of federal abstention in state court matters. It is further recommended that the plaintiff's Motion for Leave to Proceed *in forma pauperis* **[Doc. 2] be DENIED**, and the filing fee be waived

The plaintiff shall have fourteen days from **service** of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should

---

[2]Under the well-established principles of federalism and comity, the Younger doctrine "also recognizes that state courts are fully competent to decide issues of federal constitutional law." Martin Mariettta Corp., 38 F.3d at 1396.

4

also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED:** October 29, 2020

*/s James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE